## DUMORE CO. v. RICHARDS.
### No. 2317.

District Court, W. D. Michigan, S. D.
May 19, 1930.

Knappen, Uhl, Bryant & Snow, of Grand Rapids, Mich., and George Bayard Jones, of Chicago, Ill., for plaintiff.

Chappell & Earl, of Kalamazoo, Mich., for defendant.

RAYMOND, District Judge.

The questions relative to whether the necessary jurisdictional amount is involved and to the status of the word "Dumore" as a technical trade-mark are settled by the case of Wisconsin Electric Company v. Dumore Co., 35 F.(2d) 555 (C. C. A. 6). Plaintiff here (by reason of change of name) is the same corporate entity as was plaintiff in the case cited. In view of that decision it must be conceded that the word "Dumore" has acquired a secondary meaning as applied to plaintiff's business.

The question here presented is whether or not plaintiff has shown fraud or wrongful intent in fact on the part of defendant which

will entitle it to relief. Because of the decision in the Wisconsin Electric Company Case plaintiff in the present case does not ask for injunction against any possible use of the word "Dumore" as a trade-mark, but does ask that the defendant be enjoined against the wrongful use of the word "Dumore" in defendant's advertising and against the copying of defendant's advertisements, color scheme, etc.

The nature of plaintiff's business is fully set forth in the case above cited. Defendant's business (so far as concerns this case) is the manufacture of an electrically driven saw trim planer for use in printing establishments, the price range of which is considerably above the average price of plaintiff's machines. Defendant does not sell through the retail trade, but advertises direct and ships direct to its customers.

Had defendant confined his advertising to the use of the word "Do-More" accompanied with his trade-name plaintiff could not complain. What defendant has actually done is to imitate as closely as possible (and in some respects to precisely copy) plaintiff's advertising matter as to shape and size of advertising sheets, color scheme, slogans, and size and form of type and to use the word "Do-More" therewith as a trade-name for the machine. Probably no one of these simulations alone would form sufficient basis from which to infer fraud or wrongful intent in fact. The combination of these circumstances, however, forces the conclusion that defendant has intended to appropriate, in a branch of industry closely analogous to, and in a minor degree competitive with, that occupied by plaintiff, a portion of the defendant's good will which it has established. From an almost unlimited field of possible business slogans defendant selected that used by plaintiff—"Makes the 'Set-up' a matter of 'Seconds.'" In the matter of type, color, and manner of display defendant chose from the profusion of possible color and type combinations one so closely analogous to that of plaintiff's that confusion concerning the origin of the goods might easily result. The forms of type used in the ornamental letters are precisely the same. While it is stipulated in this case that there is no evidence of actual confusion or mistake arising out of the use by the defendant of the word "Do-More" on his goods it is apparent that there is manifest liability to deceive and reasonable probability of injury. The intent is sufficiently apparent to justify a finding of unfair competition. The conclusion of the court is that the defendant should be enjoined from continuing the use of the word "Do-More" upon or in advertising its electrically driven devices in connection with advertising matter so closely simulating or imitating in appearance, the color scheme, display, type, or trade slogans now used by plaintiff, or any combination of them, as to be likely to deceive or mislead the public concerning the origin of the product. The precise terms of the injunction will be indicated when decree is submitted for settlement after due notice.